The opinion of the Court was read as drawn up by
Parker C. J.
The plea of the statute of limitations cannot avail, because until the dissolution of partnership there was no subsisting cause of action for the settlement of accounts between the partners. Clark Chandler died in 1824, within six years after the dissolution, and the bill was brought by his administrators within two years after his death, so that by St. 1793, c. 75, [see Revised Stat. c. 120, § 10,] the right of action remained.
The case presented by the bill seems clearly to come within the statute of 1823, c. 140, [see Revised Stat. c. 81, § 8,] committing to this Court equity jurisdiction in cases of partnership accounts, and it is very certain that a plain and adequate remedy could not be had at law. It is a known principle of the common law, that an action will not lie by one partner against another, except where there has been an adjustment of accounts and a balance struck,[1] so that until the statute of 1823 there was no remedy in this commonwealth in the cases which must frequently occur of partnerships dissolved by death or otherwise without any settlement of the accoimts. The rights of the surviving partner and the liability of the executors and administrators of a deceased partner *85 rendered it absolutely necessary, in order that justice might be done, that the jurisdiction given by the statute of 1823 should exist somewhere, and although it cannot be conveniently exercised by this Court, yet as the legislature have imposed the duty on them, they must to the best of their ability discharge it. The case before us is one of exceedingly complicated transactions, and it would seem impossible that it should ever be justly or satisfactorily settled without the application of those powers which belong to a court of equity alone.[2]
The plea of Nathaniel Chandler sets forth nothing which shows that the bill ought not to be sustained; on the contrary, it affirms the allegations on which the bill is founded, to wit, that a partnership did exist, that the accounts have never been settled, and that they are of so complicated a nature that they cannot be settled even by the parties. It is very clear that the means usually employed by courts of chancery in like cases, such as compulsive discovery, production of books and papers, and an examination of accounts by some skilful person, under the control of the Court, are absolutely indispensable.
The several pleas therefore made by John Chandler and Nathaniel Chandler are overruled, and so much of them as does not relate to the statute of limitations may stand for answers, with liberty to make further answers, or if no further answer shall be made, to be open to exceptions.
With respect to the plea of Jones, it may finally be sufficient for his defence ; but as Clark Chandler and Nathaniel were by contract with John Chandler entitled to a proportion of the profits of that partnership between John Chandler and Jones, and therefore have an interest in that fund and a right to know the state of the accounts, Jones is still to be held as a party for the purpose of discovery through John Chandler, of the state of that concern.[1]
*86 If no further answer is made or required by exceptions, before the first day of next term, a master will be appointed to examine and report upon the whole transactions of these partnerships, with proper power to enable him to execute that trust.

 See Wilby v. Phinney, 15 Mass. R. (Rand’s ed.) 121 and n. (a); Haskell v Adams, 7 Pick. 59.

 See Story Comm. Eq. c. 15, tit. Partnership, p. 612, 614, 621, 622, 632, 633; Collyer on Partn. bk. 2, c. 3, sec. 4, § 3 to 12, p. 166 to 189; Miller v. Lord, 11 Pick. 25.

 See Collyer on Partn bk. 2, c. 3, sec. 7, § 1, p. 200; Waggoner v. Gray, 2 Hen. & Munf. 603 Long v. Yonge, 2 Simons, 369.